**MARATHON OIL COMPANY,**
**Plaintiff-Appellee,**

v.

**MOBIL CORPORATION, Mobil Oil**
**Corporation, et al.,**
**Defendants-Appellants.**

No. 81–3704.

United States Court of Appeals,
Sixth Circuit.

Jan. 4, 1982.

OPINION AND ORDER.

Before EDWARDS, Chief Judge, and ENGEL and MERRITT, Circuit Judges.

EDWARDS, Chief Judge.

We respond in this opinion and order to the emergency motion filed in this court December 31, 1981, by Mobil Corporation and Mobil Oil Corporation to add United States Steel Corporation (Steel) to this action as a party and to enjoin Steel and its subsidiaries from acquiring any shares of the stock of Marathon Oil Company until completion of proceedings in the Supreme Court of the United States on Mobil's petition for a writ of certiorari.

Initially, if we assumed that this action was an appeal from the denial of a similar motion filed before and denied by Judge John M. Manos in the United States District Court for the Northern District of Ohio on December 31, 1981, we would deny same on procedural grounds for failure to comply with the Rules of Appellate Procedure.

In view, however, of the extraordinary and special circumstances confronting the parties (and the courts), we consider the said motion as if it were a petition for injunction, which is filed in this court under 28 U.S.C. § 1651 (1976), or as a motion

under Rule 40 Fed.R.App.P. for rehearing of this court's opinion dated December 23, 1981. So considered, and assuming that the basic issues now sought to be presented are properly before us, we believe that they were answered succinctly in the Conclusion of this court's opinion of December 23, 1981, as follows:

*We also conclude that the District Court did not abuse its discretion in rejecting Mobil's proposed 'hold separate order' which was orally advanced after the preliminary injunction was granted.*

We hold that the findings of fact entered by Judge Manos are not clearly erroneous. Generally, but without endorsing all of his reasoning, we accept his conclusions of law. This record shows that Marathon has been a substantial supplier of independent gasoline marketers (60% of all motor gasoline sold by Marathon is eventually resold at retail prices below Mobil's. *E.g., Marathon Oil Co. v. Mobil Corp.,* 530 F.Supp. 315, at 318 (N.D.Ohio 1981. App. 1534–35 (affidavit of G. Norman Nicholson, Vice President for Marketing, Marathon Oil Co.)). *Our prime concern is the preservation of some competition in this market, which a dismembering of Marathon could damage.* Therefore, because of the likelihood, as found by the District Judge, of the finding of violation of antitrust laws being made after the hearing on the petition for a permanent injunction [1] the Mobil Corporation stands enjoined from purchasing shares of the Marathon Oil Company until and unless Mobil is freed from temporary injunctive relief after full trial at the District Court level, or unless the effectiveness of this order is stayed or overruled by the Supreme Court of the United States.

In the sentences emphasized above, we specifically rejected Mobil's belated proposal of a "hold separate order" applicable to its oral suggestion of a Mobil-Amerada Hess contract for divestiture by Mobil of certain of Marathon's assets. We now reiterate our prime concern is the preservation of some competition in this market which a dismembering of Marathon could damage. Nothing that Mobil has proposed in these belated filings would serve to protect the marketplace from the elimination, in times of shortage, of price competition provided by independent dealers previously supplied by Marathon. We are not convinced that Mobil's "hold separate" proposal which would cut Marathon's refining and marketing operations from its oil field production and reserves would cure the probable antitrust violations. It would leave Marathon's refining and marketing operations at the mercy of basic suppliers (like Mobil) and make it more vulnerable to possible monopoly pressures previously described in our opinion of December 23, 1981.

At the time of his original denial of Mobil's oral motion to modify the injunction, the trial judge had no formal proof of any arrangement which Mobil might have made with Amerada Hess. His refusal to reopen at that time was not an abuse of discretion. The trial judge's refusal to reopen later and after a formal agreement had reportedly been arranged likewise was not an abuse of discretion since there is no showing that such an agreement would cure the probable antitrust violation.

Under these circumstances, we reaffirm this Court's December 23, 1981, rejection of Mobil's proposed "hold separate order"; and we deny Mobil's Emergency Motion to Preserve the Status Quo Pending Certiorari filed in this court December 31, 1981.

---

1. On this record, we believe that there is a strong probability of such a finding.